```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- x
EGLON BASCOM,

                    Plaintiffs,
                                                                    MEMORANDUM AND ORDER
          -against-                                                   07-CV-677(NG) (LB)

ETHAN FRIED and BROOKDALE
HOSPITAL,

                    Defendants.
----------------------------------------------------------- x
```
GERSHON, United States District Judge:

      Plaintiff *pro se* Eglon Bascom brings this action against defendants Ethan Fried, M.D., and Brookdale Hospital alleging discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), and defamation under New York law. Defendants move to dismiss the complaint under Fed. R. Civ. P. 12(b)(6). Defendants' motion is granted, but plaintiff is given leave to replead.

## BACKGROUND

**I.**    *Bascom I*

      The instant complaint incorporates by reference facts alleged in plaintiff pro se's previously dismissed complaint. O*rder of dismissal, Bascom v. Fried, et al.* ("*Bascom I*"), 02-CV-6627 (E.D.N.Y. February 4, 2004), *aff'd*, 116 Fed.Appx. 300 (2d Cir. 2004). Therefore, the following facts, alleged therein, are accepted as true for purposes of this motion:

      From July 1, 1998 through June 30, 1999, plaintiff was employed as a first-year resident in the Internal Medicine Department of Brookdale Hospital in Brooklyn, New York. Beginning in September 1998, plaintiff reported unspecified harassment from Dr. Fried, the Program Director of Residency Training at Brookdale Hospital. In December 1998, despite a finding of clinical competency by the hospital's Clinical Competency Committee, Dr. Fried informed plaintiff that he

was "under a lot of pressure" to fire plaintiff. Plaintiff thereafter secured a position for his second-year residency training at Cabrini Hospital. Dr. Fried then sent a "derogatory" letter to Cabrini Hospital and notified the American Board of Internal Medicine that plaintiff's performance during his first year as a resident at Brookdale Hospital was "marginal." Plaintiff was thereafter denied a position as a third-year resident at Cabrini Hospital. At the time plaintiff filed the complaint in *Bascom I*, he had not secured a third-year residency training position with another hospital.

On October 2, 2001, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination on the basis of race and national origin by defendants Brookdale Hospital and Dr. Fried. The EEOC issued a right-to-sue letter on December 17, 2001. Plaintiff filed suit in *Bascom I* on December 23, 2002.

Finding that plaintiff filed his complaint with the EEOC well after the 300-day period provided in 42 U.S.C. §2000e-(5)(c), this court found his discrimination claims untimely and dismissed the complaint with prejudice. *See Bascom I.* The Second Circuit affirmed, holding further that Bascom had failed to plead facts sufficient to support a "continuing violation" theory. *Bascom v. Fried, et al.*, 116 Fed.Appx. 300 (2d Cir. 2004).

## II.     Allegations in the Instant Complaint

The following additional facts are alleged in the instant complaint and accepted as true for purposes of this motion:

Plaintiff identifies himself as black and Christian; defendants, white and Jewish. Echoing allegations from *Bascom I*, plaintiff asserts that defendants Fried and Brookdale Hospital terminated his employment on an unspecified date and subsequently "got [him] fired from" Cabrini Hospital. Further, they "continued by giving negative professional references that rose to the level of

defamation of character to all prospective employers." Plaintiff is unable to gain employment. On December 14, 2006, he was rejected by a prospective employer as the result of "negative professional letters out there."

On December 28, 2006, plaintiff filed another EEOC charge against Brookdale Hospital alleging discrimination and retaliation on the basis of race and national origin in violation of Title VII. The EEOC issued a right-to-sue letter on January 22, 2007. On February 7, 2007, plaintiff filed the instant complaint, alleging discrimination and retaliation on the basis of national origin, race, and religion. The complaint seeks a permanent injunction, compensatory damages, punitive damages, and other equitable relief.[1]

## DISCUSSION

### I. Standard of Review

On a motion to dismiss, the allegations in the complaint are accepted as true. *See Grandon v. Merrill Lynch & Co.*, 147 F.3d 184, 188 (2d Cir. 1998). The court's function is "not to weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007) (internal quotation marks, citations, and

---

[1] On June 20, 2007, plaintiff filed a motion for "Emergency Injunctive Relief" seeking to enjoin defendants' alleged "peddling of negative professional references." This motion fails to establish immediate and irreparable harm as well as likelihood of success on the merits of any claim and is therefore denied. However, the court has considered it in reviewing the motion to dismiss.

3

alterations omitted). Indeed, a plaintiff must assert "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974. This "plausibility standard" is a flexible one, "oblig[ing] a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." *Iqbal v. Hasty*, 490 F.3d 143, 158 (2d Cir. 2007). Further analysis of the pleading standard in a discrimination case appears below.

**II.    Res Judicata**

Defendants argue that the instant complaint involves the same claims and defendants as *Bascom I* and, as such, is barred by the doctrine of res judicata. In opposition, plaintiff asserts that res judicata is inapplicable because, on December 14, 2006, after *Bascom I*, defendants again discriminated against him when negative reference letters written by defendants allegedly prevented him from gaining employment. Defendants reply that res judicata applies because the new allegation is predicated upon the same allegations as *Bascom I*.

Under the doctrine of res judicata, "final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action," *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981), and constitutes an absolute bar "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." *SEC v. First Jersey Sec., Inc.*, 101 F.3d 1450, 1463 (2d Cir. 1996) (internal quotation marks omitted). "To prove that a claim is precluded under this doctrine, a party must show that (1) the previous action involved an adjudication on the merits; (2) the previous action involved the parties or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Pike v. Freeman*, 266 F.3d 78, 91 (2d Cir. 2001) (internal

4

quotation and brackets omitted).

Here, the first two elements are clearly satisfied: an action dismissing a claim on statute of limitations grounds is a final decision on the merits unless it is specifically stated to be without prejudice, s*ee* Fed. R. Civ. P. 41(b); *Plaut v. Spendthrift Farm*, 514 U.S. 211, 228 (1995); and *Bascom I* involved the same parties as this action. Thus, to the extent that plaintiff's instant claims are based on acts which gave rise to his claims in *Bascom I*, such claims are barred by res judicata.

The instant complaint, however, appears to go beyond the allegations in *Bascom I*, alleging that defendants committed a discriminatory act on December 14, 2006. Notably, it is unclear whether plaintiff asserts that the employment rejection he allegedly suffered on December 14, 2006 was an effect of a letter issued prior to decision in *Bascom I*, or a new letter sent by defendants after the conclusion of *Bascom I*. If the former, then res judicata bars his new Title VII claim because he does not allege any new discriminatory act; the wrong alleged to have occurred has already been litigated. *See Avillan v. Potter*, 2006 U.S. Dist. LEXIS 80062, *17-23 (S.D.N.Y. November 1, 2006) (res judicata applies to discrimination claims previously dismissed on timeliness grounds).

If, however, the court interprets the *pro se* plaintiff's pleadings as "raising the strongest arguments they suggest," *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (citation and internal quotations marks omitted), and infers that his complaint is addressing a new discriminatory act occurring on or about December 14, 2006, then res judicata then would not bar his new allegation. *See Maharaj v. BankAmerica Corp.*, 128 F.3d 94, 97 (2d Cir. 1997) (res judicata applies when "the second cause of action requires the same evidence to support it and is based on facts that were also present in the first.").

5

### III. Timeliness of Plaintiff's New Claim

Title VII requires the timely filing of a charge of discrimination with the EEOC. *Harris v. City of New York*, 186 F.3d 243, 247-48 (2d Cir. 1999). Where, as here, the alleged acts of discrimination occur in a state that has its own anti-discrimination laws, and a state agency is empowered to enforce the laws, the charge of discrimination must be filed with the EEOC within 300 days after the date of the alleged unlawful acts. 42 U.S.C. § 2000e-5(e). Plaintiff filed the instant EEOC charge on December 28, 2006, two weeks after the allegedly discriminatory act occurred. His claim with regard to this act, if new, would be timely.

### IV. Continuing Violation Doctrine

Plaintiff argues that the discriminatory act that allegedly occurred on or about December 14, 2006 is part of an ongoing policy of discrimination and, as such, is a continuing violation of his rights. Therefore, he argues, the timeliness of his new claim revives claims that accrued before the charging period applicable to the instant suit.[2] Defendants reply that any act of discrimination that may have occurred on December 14, 2006, was a discrete act of discrimination, not a continuing violation, and therefore does not revive the claims that accrued before the charging period. The court finds that, even if claims based on pre-charging period acts were not, as the court has already found, barred by res judicata, the continuing violation doctrine would not cure their untimeliness.

Under the "continuing violation" doctrine, discriminatory acts occurring before the 300-day charging period may be saved from time bar if a plaintiff has experienced a "continuous practice and

---

[2] As plaintiff filed his EEOC charge on December 28, 2006, the charging period for the instant action began on approximately February 28, 2006. *See* 42 U.S.C. §2000e-(5)(c). Thus, pre-charging period acts necessarily include the allegedly discriminatory acts upon which plaintiff's claims in *Bascom I* were based.

6

policy of discrimination." *Washington v. County of Rockland*, 373 F.3d 310, 317 (2d Cir. 2004), citing *Fitzgerald v. Henderson*, 251 F.3d 345, 359 (2d Cir. 2001). Under these circumstances, "the commencement of the statute of limitations period may be delayed until the last discriminatory act in furtherance of it." *Id*.

The Supreme Court has substantially limited the reach of the continuing violation doctrine. *AMTRAK v. Morgan*, 536 U.S. 101 (2002). Noting Title VII's mandate that a charge of discrimination must be filed within the appropriate number of days "after the alleged unlawful employment practice *occurred*," 42 U.S.C. § 2000e-5(e)(1) (emphasis added), the Court held that "practice" applies to a "discrete act or single 'occurrence,'" *id*. at 111, and a "discrete retaliatory or discriminatory act 'occurred' on the day that it 'happened.'" *Id.* at 110. The Court then provided a non-exhaustive list of "discrete discriminatory acts," including "termination, failure to promote, denial of transfer, [and] refusal to hire," *id*. at 114, which:

> are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act . . . . Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'

*Id*. at 113-14. In contrast to claims based on discrete acts, a hostile work environment claim "is composed of a series of separate acts that collectively constitute one unlawful employment practice," *id.* at 117 (internal quotation and citation omitted), and, for that reason, is subject to the continuing violation doctrine.

Like "termination, failure to promote, denial of transfer, [and] refusal to hire," *id*. at 114, discriminatory dissemination of an adverse employment reference is an act which could be

7

actionable.[3] In other words, plaintiff's claim is not similar to a hostile work environment claim since it is not "based on the cumulative" effect of individual acts, *Morgan*, 536 U.S. at 115; it requires no additional acts to constitute one unlawful employment practice. Because plaintiff's injury on December 14, 2006 was caused by a discrete act, the continuing violation doctrine cannot resurrect his time-barred claims, *id.* at 112 ("discrete acts that fall within the statutory time period do not make timely acts that fall outside the time period"), notwithstanding that such claims may be based on related acts. *See id.* at 113.[4]

## V. Discriminatory Dissemination of an Adverse Employment Reference

Plaintiff asserts that, because he is black and Christian, defendants discriminated against him by sending an adverse employment reference to a prospective employer resulting in the employer rejecting plaintiff's application for employment on December 14, 2006. Defendants move to dismiss this claim on the ground that plaintiff has failed to make any allegation which, if true, would support a claim of racial or religious discrimination.

Title VII makes it an unlawful employment practice for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1).

---

[3] "'There is little question that the dissemination of adverse employment references can constitute a violation of Title VII if motivated by discriminatory intent.'" *See Blanke v. Rochester Tel. Corp.*, 36 F. Supp. 2d 589, 600 (W.D.N.Y. 1999), quoting *Hashimoto v. Dalton*, 118 F.3d 671, 674 (9th Cir. 1997); *Jute v. Hamilton Sundstrand Corp.,* 420 F.3d 166 (2d Cir. 2005) (giving negative references in retaliation for protected activity considered retaliation in violation of Title VII).

[4] To the extent that the complaint does not allege that a post-*Bascom I* discriminatory act occurred, plaintiff's continuing violation argument is easily rejected. *See Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999) ("[A] continuing violation cannot be established merely because the claimant continues to feel the effects of a time-barred discriminatory act.").

The Supreme Court has held that, when confronted with a Rule 12(b)(6) motion to dismiss, courts must evaluate complaints of discrimination under the standard set forth in Fed. R. Civ. P. 8(a)(2), which requires that pleadings present "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). *Swierkiewicz* established that "a complaint in an employment discrimination lawsuit [need] not contain specific facts establishing a prima facie case of discrimination under the framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)," or otherwise meet a heightened pleading standard. *Swierkiewicz*, 534 U.S. at 513; *Boykin v. Keycorp*, 2008 U.S. App. LEXIS 6401, *36 (2d Cir. 2008). However, the Supreme Court has clarified that plaintiffs are still required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1973-74 (2007). Where "the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Id*.

In *Swierkiewicz*, the complaint detailed the events leading to plaintiff's demotion and eventual termination, including the allegation that after defendant, of French origin, demoted plaintiff, of Hungarian origin, he transferred plaintiff's duties to a French origin employee. *Swierkiewicz*, 534 U.S. at 508. The Court held that this complaint "easily satisfied the requirements of Rule 8(a)" because it "detailed the events leading to his termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved with his termination." *Id*. at 514; *see also Leibowitz v. Cornell Univ.*, 445 F.3d 586, 591 (2d Cir. 2006) (sustaining complaint alleging that defendant, contrary to its policy, denied plaintiff tenure and that denial was because of her age); *Phillip v. Univ. of Rochester*, 316 F.3d 291, 299 (2d Cir. 2003)

9

(sustaining complaint alleging that minority "plaintiffs were singled out of a group that apparently also contained non-minority students"). In contrast to these cases, a complaint consisting of nothing more than bare assertions, and setting forth no facts upon which a court could find a violation of the Civil Rights Acts, fails to state a claim under Rule 12(b)(6). *See, e.g., Watts v. Servs. for the Underserved*, 2007 U.S. Dist. LEXIS 41209, *10-11 (E.D.N.Y. June 6, 2007) (dismissing plaintiff's complaint because it "fail[ed] to allege even one fact tending to show that [defendant] took her religion or color into account in making the decision to reassign her"); *Wilson v. Family Dollar Stores*, 2007 U.S. Dist. LEXIS 23083, *30 (E.D.N.Y. March 29, 2007) (dismissing complaint as conclusory where "plaintiff [did] nothing more than simply state that she was discriminated against based on her age and has failed to state any of the events or incidents that she believes form the basis of her age discrimination claim").

Bascom's allegations of discrimination are conclusory, limited to defendants' status as white and Jewish and his status as black and Christian. He has provided no allegation which, if true, would indicate that defendants' alleged actions were motivated by racial or religious bias or a bias based on national origin. Bascom's discrimination claim is thus insufficient to give rise to a plausible inference of discrimination. *See Watts*, 2007 U.S. Dist. LEXIS at *8 ("Employment discrimination cases decided in the Second Circuit after *Swierkiewicz* . . . require a modicum of facts regarding the adverse action and the disparate treatment involved.").

## VI. Plaintiff's Remaining State Law Claim

Plaintiff's complaint can be read to assert a claim for defamation under New York law. As his federal claims have been dismissed, the court declines to exercise supplemental jurisdiction over his state law claim, *see* 28 U.S.C. § 1367(c)(3), and this claim is dismissed without prejudice.

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6) is granted. However, in light of plaintiff's *pro se* status, he may, within 20 days, amend his complaint to, first, clarify whether the employment rejection allegedly suffered on December 14, 2006 resulted from a reference letter sent by defendants after decision in *Bascom I* and within the applicable statute of limitations or was merely the effect of a time-barred act; and, second, amplify his complaint with any additional facts supporting his claim that defendants' actions were discriminatory. Finally, because individuals are not subject to liability under Title VII, *Patterson v. County of Oneida*, 375 F.3d 206, 221 (2d Cir. 2004), any amended complaint should omit individuals as named defendants in the Title VII claims.

**SO ORDERED.**

 /S/ *Nina Gershon*
**NINA GERSHON**
**United States District Judge**

Dated: March 31, 2008
      Brooklyn, New York