**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------- x
**EGLON BASCOM,**

              **Plaintiff,**

    -against-

**ETHAN FRIED and BROOKDALE HOSPITAL,**

             **Defendants.**
---------------------------------------------------------- x

**MEMORANDUM AND ORDER**
**07-CV-677(NG) (LB)**

**GERSHON, United States District Judge:**

On March 31, 2008, the court granted defendants' motion to dismiss plaintiff's claims alleging discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), and defamation under New York law, but allowed plaintiff leave to amend for purposes of clarification. Defendants now move for (1) dismissal of the amended complaint under Federal Rule of Civil Procedure 12(b)(6); (2) sanctions under Rule 11; and (3) an order barring plaintiff from filing any further pleadings or motions against them without leave of court.

## BACKGROUND

Prior to commencement of the current action, this court dismissed a separate action involving the same parties and similar claims because plaintiff's discrimination claims were untimely. *See Order of dismissal, Bascom v. Fried, et al.* ("*Bascom I*"), 02-CV-6627 (E.D.N.Y. February 4, 2004), *aff'd*, 116 Fed.Appx. 300 (2d Cir. 2004).

On February 7, 2007, plaintiff filed the complaint in the instant action, alleging discrimination and retaliation on the basis of national origin, race, and religion. On March 31, 2008, the court granted defendants' motion to dismiss. *See Bascom v. Fried, et al.* ("*Bascom II*"), 2008 U.S. Dist. LEXIS 25466 (E.D.N.Y. March 31, 2008). As the facts underlying this action are detailed in *Bascom II*, only facts necessary to resolution of the instant motion are recited here.

In addition to dismissing the complaint, *Bascom II* granted plaintiff leave to amend to

> first, clarify whether the employment rejection allegedly suffered on December 14, 2006 resulted from a reference letter sent by defendants after decision in *Bascom I* and within the applicable statute of limitations or was merely the effect of a time-barred act; and, second, amplify his complaint with any additional facts supporting his claim that defendants' actions were discriminatory.

*Id*. at *17.

On April 7, 2008, plaintiff filed an amended complaint which contained the following additional allegations:

> During early December 2006, I applied for a position at an entirely new Hospital. In a matter of days later, The Brookdale Hospital sent a letter to my then prospective employer. As a result of that letter, I did not get the job. The letter described me as a "black incompetent resident physician" and went on to say that "black doctors perform inferiorly."
> The letter stated that The Brookdale Hospital has experienced a change in demographics over the years in its neighborhood and that such changes will not reflect in its administration or the staff physicians.
> The Brookdale Hospital also mentioned that blacks should know that it's a privilege not a right to be Doctors. The Brookdale Hospital said that if I didn't "drag them" into the Federal Court in the past, then they could have had nice things to say about me.

Am. Compl. at 6.

## DISCUSSION

Defendants move to dismiss the amended complaint "on grounds that it is frivolous, and intended solely to harass and annoy." Def. Br. at 2. Defendants assert that plaintiff's allegations are "manifestly absurd" and, in any event, insufficient because he does not identify the institution to which the post-*Bascom I* letter was allegedly sent, leaving the court unable to "determine[] whether any such unidentified institution was influenced by Mr. Bascom's poor performance as a

2

resident versus the allegedly improper letter." *Id*.

The Supreme Court has explained that a plaintiff asserting an employment discrimination claim need not plead facts establishing each element of a prima facie case in order to survive a motion to dismiss, but rather must merely allege facts sufficient to satisfy the notice pleading standard of Rule 8 of the Federal Rules of Civil Procedure. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). Indeed, "[e]mployment discrimination cases decided in the Second Circuit after *Swierkiewicz* . . . require a modicum of facts regarding the adverse action and the disparate treatment involved." *Watts v. Servs. for the Underserved*, 2007 U.S. Dist. LEXIS 41209, *8 (E.D.N.Y. June 6, 2007); *see also, e.g., Hinds v. Pathmark Stores, Inc.*, 2005 U.S. Dist. LEXIS 13650, at *4 (E.D.N.Y. June 2, 2005) (complaint alleging that a demotion was racially motivated satisfied Rule 8 because it asserted that a white employee was promoted ahead of the complaining black employee despite having less seniority, in violation of a collective bargaining agreement).

The allegation in the amended complaint that defendants sent a reference letter to a prospective employer that identified plaintiff as a "black incompetent resident physician" and stated that "black doctors perform inferiorly" would, if true, clearly give rise to a plausible inference that defendants' alleged actions were motivated by racial bias. "'There is little question that the dissemination of adverse employment references can constitute a violation of Title VII if motivated by discriminatory intent.'" *See Blanke v. Rochester Tel. Corp.*, 36 F. Supp. 2d 589, 600 (W.D.N.Y. 1999), quoting *Hashimoto v. Dalton*, 118 F.3d 671, 674 (9th Cir. 1997); *Jute v. Hamilton Sundstrand Corp.,* 420 F.3d 166 (2d Cir. 2005) (giving negative references in retaliation for protected activity considered retaliation in violation of Title VII). Defendants' motion to dismiss is denied.

The court notes that defendants rely on defense counsel's declaration, a matter outside the

pleadings and affixed to their memorandum of law, in which he represents that, "[b]ased upon our investigation, we have learned that no such letter was ever sent, and could not have been sent, given Brookdale's protocol with regard to requests for references." Declaration of Richard E. Lerner, Esq. ¶ 7. On a 12(b)(6) motion, if "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(b). However, this declaration by counsel is an insufficient basis on which this court could convert the motion to dismiss into one for summary judgment. Denial of the motion to dismiss is, of course, without prejudice to defendants filing a properly supported motion for summary judgment including sworn affidavits of individuals with personal knowledge of the facts pertinent to their Rule 56 motion.

## CONCLUSION

Defendants' motion to dismiss is denied. Their motion for sanctions and their request for an order barring plaintiff from filing any further pleadings or motions against them without leave of court are also therefore denied. In addition, plaintiff's request by letter dated July 2, 2008, for leave to file an "updated" amended complaint is denied as not properly supported.

        **SO ORDERED.**

        */S/ Nina Gershon*
        **NINA GERSHON**
        **United States District Judge**

Dated: September 19, 2008
      Brooklyn, New York